Taliafep.ro, J.
The plaintiff, a resident of the State of Mississippi, complains that the defendant by ex pew'te proceedings taken against him in the parish of Iberville, obtained possession of three mules, the property of the plaintiff, and brought them to New Orleans, for which illegal and tortious act he claims damages to the amount of five hundred dollars, the restoration of the mules, or in default thereof that he recover their value, which he alleges to be six hundred dollars*
The defendant alleges in his answer that the mules in question were sold to the plaintiff upon his promise to pay for them by a note, well indorsed, payable at one year from date, bearing interest and equivalent to cash; that after respondent had shipped the mules according to the directions of the plaintiff, the latter delivered to respondent’s agent a note for six hundred dollars, both the drawer and indorser of which were insolvent at the time, and the note utterly worthless to ■ the knowledge of the plaintiff; that the price of the property has not been paid, and that plaintiff has failed to comply with the contract on his part by furnishing defendant good and solvent paper in payment *323 of the price. Defendant sets up in reconvention a demand that the sale be annulled, and the said note be returned to plaintiff, and that defendant be decreed to retain possession of the mules.
The judgment of the lower court was in favor of the plaintiff. It decreed the return of the mules to the plaintiff, or, in default thereof that plaintiff recover from the defendant six hundred dollars, the value of the mules. The judgment moreover awarded five hundred dollars damages in favor of the plaintiff. The defendant appealed.
Elliott, the defendant, sold by an agent the three mules in controversy to Chastant, the plaintiff, on the ninth of December, 1871, for vhich he delivered a note for six hundred dollars, and caused the mules to be put on board a steamer the next morning and sent to his son, in the parish of Iberville.
It appears that Elliott, as soon as he ascertained the fact of the sale and the character of the note that had been received by his agent in payment for the mules, took prompt action to recover the mules, for, on the twelfth of December, 1871, three days only after the sale, he instituted proceedings against Chastant in the parish of Iberville, and caused the mules to be sequestered', and after the lapse of ten days gave bond, took possession of the mules, and brought them back to New Orleans. In this suit, instituted by Chastant, the nullity of the proceedings of Elliott, in Iberville, is set up on the ground that Chastant, an absentee, was not cited and had no knowledge of the suit brought against him there. Whether the proceedings in Iberville were Tegular or not it is not important to inquire, inasmuch as Chastant makes at the domicile of the defendant the issue of the validity of the sale to him by the defendant’s agent, and prays judgment decreeing Mm to be the owner of the mules.
The evidence throws some suspicion upon the fairness of the transaction on the part of Chastant, relating to the sale of the mules. The note is shown to have been of no value whatever at the time it was given in payment, and it is not difficult to believe that Chastant knew it. His brother was the drawer of the note, and when he was inquired of in relation to the matter, expressed surprise that the plaintiff had passed the note to the agent of Elliott, declaring his inability to pay the note. The utter insolvency of the indorser was also shown. The agent of Elliott, who sold the mules to Chastant, called on him within two days after the sale and informed him of what his brother had said about the noté, and that there must be some other settlement made for the price of the mules as the note was not good, offering at the time to give him back the note. To all the remonstrances of the agent Chastant paid no regard, replying only “ you have the note and I have the mules.”
*324 We conclude from the entire testimony that the judgment of the lower court was erroneous.
It is therefore ordered that the judgment of the district court be annulled and reversed. It is ordered that the plaintiff’s demand be rejected and judgment rendered against him. It is further ordered that the defendant have judgment in his favor on his reconventional demand; that tlie sale of the three mules by his agent to the plaintiff on the ninth December, 1871, be annulled and set aside; that the defendant be decreed to be entitled to the possession of the mules, and that the note in question be returned to the plaintiff. It is further ordered that plaintiff pay costs in both courts.
Rehearing refused.